■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY HENNING, Appellant. [701 NYS2d 566] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a bench trial of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]). Defendant contends that the evidence that he intended to kill the victim is legally insufficient. We disagree. When reviewing the legal sufficiency of trial evidence, we must "determine whether any valid line of reasoning or permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People" (*People v Williams,* 84 NY2d 925, 926). Although intent to kill may not be inferred from the mere fact of killing, it may be inferred from conduct as well as the surrounding circumstances (*see, People v Steinberg,* 79 NY2d 673, 682; *People v Wallace,* 217 AD2d 918, 918-919, *lv denied* 86 NY2d 847). The evidence, when viewed in the light most favorable to the People, establishes that defendant and the victim were quarreling immediately before the shooting (*see, People v Evans,* 242 AD2d 948, 949, *lv denied* 91 NY2d 834). The evidence that the victim was shot at close range is sufficient to support the determination that the shooter intended to kill the victim (*see, People v Mierzwa,* 124 AD2d

1038, *lv denied* 69 NY2d 714). Defendant contends that County Court erred in rejecting his evidence that the shooting was accidental. "In a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference" (*People v Van Akin*, 197 AD2d 845). (Appeal from Judgment of Monroe County Court, Smith, J.— Murder, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.