■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILMY GARRIDO-VALDEZ, Appellant. [749 NYS2d 450] —Appeal

from a judgment of Supreme Court, Monroe County (Mark, J.), entered September 21, 2000, convicting defendant after a jury trial of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Supreme Court properly admitted an audiotape in evidence for the limited purpose of permitting a witness to identify defendant's voice on the audiotape (*see People v Rodriquez,* 247 AD2d 841, 842, *lv denied* 91 NY2d 977). In any event, proof of defendant's guilt was overwhelming and there is no significant probability that defendant would have been acquitted absent the admission of the audiotape. Thus, any error in the admission of the audiotape is harmless (*see People v Crimmins,* 36 NY2d 230, 241-242; *People v Highsmith,* 254 AD2d 768, 770, *lv denied* 92 NY2d 983, 1033). We reject the contention of defendant that the court erred in denying his challenges for cause to two prospective jurors. Although those prospective jurors initially expressed views casting doubt on their ability to be impartial in this case, they each ultimately stated unequivocally that they could be fair (*see People v Chambers,* 97 NY2d 417, 419). The sentence is not unduly harsh or severe.

Contrary to the further contention of defendant raised in the pro se supplemental brief, the evidence at the *Huntley* hearing establishes that he knowingly and intelligently waived his right to counsel after receiving *Miranda* warnings in Spanish and prior to making his statement to the police (*see People v Vallejos,* 125 AD2d 352, *lv denied* 69 NY2d 834). The court properly denied defendant's request for a missing witness charge with respect to the victim's mother. "The request, made after the close of the proof, was untimely" (*People v Santiago,* 266 AD2d 846, 846, *lv denied* 94 NY2d 925). Present—Green, J.P., Hayes, Scudder, Gorski and Lawton, JJ.