■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE W. GEDDES, Appellant. [856 NYS2d 336]—

Memorandum: On appeal from a judgment convicting him,

upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that the conviction is not supported by legally sufficient evidence of his intent to kill. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). It is well settled that, "[a]lthough intent to kill may not be inferred from the mere fact of killing, it may be inferred from conduct as well as the surrounding circumstances" (*People v Henning*, 267 AD2d 1092, 1092 [1999], *lv denied* 94 NY2d 903 [2000]; *see People v Price*, 35 AD3d 1230, 1231 [2006], *lv denied* 8 NY3d 926 [2007]). Viewing the evidence in the light most favorable to the People, as we must (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the requisite intent to kill may be inferred from the admission of defendant that he was solely responsible for the victim's death, his inconsistent descriptions of the events that caused the death, the medical evidence, which contradicted defendant's theory of the case, and defendant's conduct in hiding the victim's body in a storage facility for 14 years (*see generally Bleakley*, 69 NY2d at 495). Further, the verdict is not against the weight of the evidence (*see generally id.*).

Contrary to defendant's further contention, County Court properly refused to admit in evidence a police report memorializing statements made by defendant's son, who died prior to trial. Even assuming, arguendo, that the report falls within the exception to the hearsay rule for past recollections recorded (*see generally People v Taylor*, 80 NY2d 1, 8 [1992]; Prince, Richardson on Evidence §§ 6-216, 6-218 [Farrell 11th ed]), we conclude that the statements of defendant's son contained therein are inadmissible. Those out-of-court statements were offered for the truth of the facts asserted and do not fall within any recognized exception to the hearsay rule (*see generally People v Settles*, 46 NY2d 154, 166-167 [1978]).

We further reject the contention of defendant that he was denied his right to effective assistance of counsel based on defense counsel's inability to persuade the court to admit the police report in evidence and defense counsel's failure to request a circumstantial evidence charge. As noted, the court properly determined that the report contained inadmissible hearsay, and we further note that a circumstantial evidence charge would have been improper because the People also presented direct evidence of defendant's guilt, i.e., statements by defendant that constituted " 'relevant admission[s] of guilt' " (*People v Guidice*, 83 NY2d 630, 636 [1994], quoting *People v Rumble*, 45 NY2d 879, 880 [1978]; *see People v Casper*, 42 AD3d 887, 888 [2007], *lv denied* 9 NY3d 990 [2007]; *People v Green*, 174 AD2d 511,

512-513 [1991], *lv denied* 78 NY2d 1011 [1991]). Thus, defense counsel cannot be deemed ineffective for failing to request a circumstantial evidence charge. In any event, even assuming, arguendo, that such a charge was appropriate, we conclude that the "single error in failing to request such a charge [would] not constitute ineffective representation as it was not so serious as to compromise defendant's right to a fair trial" (*People v Gunney*, 13 AD3d 980, 983 [2004], *lv denied* 5 NY3d 789 [2005]). Present—Martoche, J.P., Lunn, Fahey, Peradotto and Pine, JJ.