THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES S. COBB, Appellant. [900 NYS2d 224]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered December 3, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [former (2)]) and criminal possession of a weapon in the third degree (§ 265.02 [former (4)]). Defendant failed to preserve for our review his contention that the trial evidence is legally insufficient to establish that he intended to kill the victim "inasmuch as his motion to dismiss was not specifically directed at that alleged insufficiency" (*People v Parsons*, 30 AD3d 1071, 1072 [2006], *lv denied* 7 NY3d 816 [2006]; *see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention lacks merit. The "[i]ntent to kill may be inferred from defendant's conduct as well as the circumstances surrounding the crime" (*People v Price*, 35 AD3d 1230, 1231 [2006], *lv denied* 8 NY3d 926 [2007]; *see People v Massey*, 61 AD3d 1433 [2009], *lv denied* 13 NY3d 746 [2009]; *People v Geddes*, 49 AD3d 1255, 1256 [2008], *lv denied* 10 NY3d 863 [2008]). The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), establishes that defendant pointed a gun at the victim from less than 20 feet away, "aimed at a part of the victim's body where death producing injuries were apt to occur," and fired twice (*People v Caruso*, 34 AD3d 863, 864 [2006], *lv denied* 8 NY3d 879 [2007]; *see e.g. People v Diggs*, 56 AD3d 795 [2008], *lv denied* 12 NY3d 757 [2009]; *People v German*, 243 AD2d 647 [1997], *lv denied* 91 NY2d 892 [1998]).

Defendant failed to preserve for our review his further contention that the evidence before the grand jury was legally insufficient to establish his intent to kill the victim (*see People v Agee*, 57 AD3d 1486 [2008], *lv denied* 12 NY3d 813 [2009]) and, in any event, that contention "is not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence" (CPL 210.30 [6]; *see People v Baker*, 67 AD3d 1446 [2009]; *People v Dixon*, 50 AD3d 1519 [2008], *lv*

*denied* 10 NY3d 958 [2008]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant contends that the admission in evidence of the tape recording of the 911 telephone call constituted impermissible bolstering. That contention is not preserved for our review (*see People v Castaneda*, 192 AD2d 475 [1993]) and, in any event, it lacks merit (*see People v Dann*, 17 AD3d 1152, 1153 [2005], *lv denied* 5 NY3d 761 [2005]; *see generally People v Buie*, 86 NY2d 501 [1995]). Contrary to the further contention of defendant, County Court did not abuse its discretion in denying his request to redact certain portions of the transcript of the 911 telephone call (*see People v Knight*, 280 AD2d 937, 939 [2001], *lv denied* 96 NY2d 864 [2001]; *People v Gandy*, 152 AD2d 909 [1989], *lv denied* 74 NY2d 896 [1989]). We reject the contention of defendant that the court also abused its discretion in denying his request to sequester the jury (*see* CPL 310.10), inasmuch as "the law presumes that the jury . . . follow[ed] the court's instructions" not to read, view or listen to any media coverage of the case (*People v Moore*, 71 NY2d 684, 688 [1988]).

Defendant further contends that the court's instructions on the justification defense were erroneous. After defendant raised his initial objections to those instructions, the court issued curative instructions to the jury, and defendant neither made any additional requests nor objected to the curative instructions. "Under [those] circumstances, the curative instructions must be deemed to have corrected the [alleged] error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944 [1994]; *see People v Young*, 234 AD2d 922 [1996], *lv denied* 89 NY2d 1017 [1997]), and defendant is deemed to have " 'waived appellate review' " of his present contention (*People v Pivnick*, 277 AD2d 1000, 1001 [2000], *lv denied* 96 NY2d 786 [2001]). In any event, the court's instructions with respect to the justification defense constituted "a correct statement of the law when viewed in [their] entirety . . . and adequately conveyed to the jury 'the correct principles of law to be applied to the case' " (*People v Bolling*, 24 AD3d 1195, 1197 [2005], *affd* 7 NY3d 874 [2006]; *see People v Lluveres*, 15 AD3d 848, 849 [2005], *lv denied* 5 NY3d 807 [2005]; *see generally People v Goetz*, 68 NY2d 96 [1986]). Defendant contends for the first time on appeal that the court failed to instruct the jury with respect to the use of ordinary physical force, and he therefore failed to preserve that contention for our review (*see* CPL 470.05 [2]; *see e.g. People v*

*Green*, 43 AD3d 1279, 1281 [2007], *lv denied* 9 NY3d 1034 [2008]; *People v Bonner*, 256 AD2d 1219, 1220 [1998], *lv denied* 93 NY2d 871 [1999]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant further contends that the court erred in denying his request for a jury instruction on temporary and lawful possession of a weapon (*see* CJI2d[NY] Possession: Temporary and Lawful Possession). We reject that contention. There was no reasonable view of the evidence "tending to establish that, once possession [was] obtained, the weapon [was] not . . . used in a dangerous manner" (*People v Williams*, 50 NY2d 1043, 1045 [1980]; *see People v Hayes*, 51 AD3d 688 [2008], *lv denied* 11 NY3d 737 [2008]; *People v Matos*, 224 AD2d 326 [1996], *lv denied* 88 NY2d 850 [1996]).

Although defendant contends that the court erred in denying his request for a substitution of assigned counsel, that contention is not properly before us inasmuch as the record establishes that defendant abandoned that request (*see People v Clark*, 24 AD3d 1225 [2005], *lv denied* 6 NY3d 832 [2006]; *People v Hobart*, 286 AD2d 916 [2001], *lv denied* 97 NY2d 683 [2001]). Defendant further contends that he was denied effective assistance of counsel. To the extent that defendant's contention is based on defense counsel's alleged failure to conduct an investigation or to pursue the justification defense, it involves matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL 440.10 (*see People v Griffin*, 48 AD3d 1233, 1236 [2008], *lv denied* 10 NY3d 840 [2008]). We otherwise conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Centra, Fahey, Peradotto and Pine, JJ.