■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN P. LYON, Appellant. [908 NYS2d 291]—

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered May 7, 2008. The judgment convicted defendant, upon a jury verdict, of robbery in the third degree, resisting arrest, obstructing governmental administration in the second degree and harassment in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, robbery in the third degree (Penal Law § 160.05). Defendant contends that County Court erred in allowing the prosecutor, on two occasions, to question defendant in violation of the court's *Sandoval* ruling. First, defendant contends that the court erred in allowing the prosecutor to cross-examine defendant with respect to his prior dealings with the arresting officer, thereby revealing details with respect to misdemeanor traffic convictions. Although we agree with defendant that the identification by the prosecutor of those prior convictions improperly exceeded the scope of the *Sandoval* ruling (*see People v Beniquez*, 215 AD2d 678, 679-680 [1995]), we conclude that the error is harmless (*see People v Grant*, 7 NY3d 421, 426 [2006]). The proof of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Towsley*, 53 AD3d 1083, 1083-1084 [2008], *lv denied* 11 NY3d 795 [2008]).

Second, defendant contends that the court erred in allowing the prosecutor, on re-cross-examination, to question defendant with respect to his entire criminal record. We reject that contention. Where, as here, a defendant's testimony conflicts with evidence precluded by a *Sandoval* ruling, "the defense 'opens the door' on the issue in question, and the [defendant] is properly subject to impeachment by the prosecution's use of the otherwise precluded evidence" (*People v Fardan*, 82 NY2d 638, 646 [1993]; *see People v Rodriguez*, 85 NY2d 586, 591 [1995]).

The contention of defendant that he was deprived of a fair trial based on prosecutorial misconduct on summation is not preserved for our review (*see* CPL 470.05 [2]) and, in any event, is without merit. To the extent that the prosecutor vouched for the credibility of witnesses on summation, we conclude that such conduct, although improper, was not so egregious as to deny defendant a fair trial (*see People v White*, 291 AD2d 842, 843 [2002], *lv denied* 98 NY2d 656 [2002]). The remaining instances of alleged prosecutorial misconduct on summation were " 'either a fair response to defense counsel's summation or fair comment on the evidence' " (*People v Green*, 60 AD3d 1320, 1322 [2009], *lv denied* 12 NY3d 915 [2009]). We reject the further contention of defendant that he was denied effective assistance of counsel. Defense counsel's failure to object to the allegedly improper comments by the prosecutor on summation does not constitute ineffective assistance of counsel. As previously noted, defendant was not denied a fair trial by those comments in which the prosecutor vouched for the credibility of witnesses, and the remaining instances of alleged prosecutorial misconduct on summation did not in fact constitute prosecutorial misconduct. With respect to the alleged ineffective assistance of counsel in connection with cross-examination concerning defendant's criminal history, we conclude that, when viewed as a whole, defense counsel's efforts reflect " 'a reasonable and legitimate strategy under the circumstances and evidence presented' " (*People v Tonge*, 93 NY2d 838, 840 [1999]), and we thus conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Workman*, 277 AD2d 1029, 1032 [2000], *lv denied* 96 NY2d 764 [2001]).

Finally, viewing the evidence in light of the elements of the crime of robbery in the third degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to that count is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.