# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1328**

**KA 08-00900**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

CYON BADGER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered February 20, 2008. The judgment convicted defendant, upon a nonjury verdict, of murder in the second degree and attempted murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of murder in the second degree (Penal Law § 125.25 [1]) and attempted murder in the second degree (§§ 110.00, 125.25 [1]), defendant contends that the verdict is against the weight of the evidence. Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Addressing first the crime of attempted murder in the second degree, we note that such crime "is committed when, with the intent to cause the death of another person, one engages in conduct which tends to effect commission of that crime . . . Where those elements converge, an attempted murder has occurred, regardless of whether the defendant has killed or even injured his or her intended target" (*People v Fernandez*, 88 NY2d 777, 783; *see* §§ 110.00, 125.25 [1]; *People v Molina*, 79 AD3d 1371, 1375, *lv denied* 16 NY3d 861). It is well established that "[i]ntent to kill may be inferred from defendant's conduct as well as the circumstances surrounding the crime" (*People v Price*, 35 AD3d 1230, 1231, *lv denied* 8 NY3d 919, 926; *see People v Geddes*, 49 AD3d 1255, 1256, *lv denied* 10 NY3d 863). Here, the trial testimony and defendant's post-arrest statement to the police established that, after a physical altercation with a bouncer at a restaurant, defendant retrieved a shotgun from his apartment,

loaded the shotgun, and approached the bouncer outside the restaurant with the shotgun drawn and pointed at the bouncer.  Although defendant asserted in his statement that he intended only to injure but not to kill the bouncer, several eyewitnesses testified that defendant approached the bouncer with the shotgun trained on the bouncer, that he cocked the shotgun while standing directly in front of the bouncer, and that he attempted to fire the shotgun at close range.  The shotgun misfired, however, and a shell struck a bystander in the arm.  The bouncer fled inside the restaurant.

With respect to the crime of murder in the second degree of which defendant was convicted, "[a]lthough a finding that defendant did not intend to kill the victim[] would not have been unreasonable . . ., it cannot be said that County Court, which saw and heard the witnesses and thus was able to assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record, failed to give the evidence the weight it should be accorded" (*People v Simcoe*, 75 AD3d 1107, 1108, *lv denied* 15 NY3d 924 [internal quotation marks omitted]; *see generally Molina*, 79 AD3d at 1375-1376; *People v Wallace*, 8 AD3d 753, 755-756, *lv denied* 3 NY3d 682).  The trial testimony established that after the bouncer fled, defendant "turned and shot at the first person that he saw." Specifically, the record reflects that, after the bouncer had retreated into the restaurant, defendant again cocked the shotgun, turned to his left, pointed the shotgun at a bystander and shot him at relatively close range, striking him in the torso.  Then, according to one witness, defendant spun around and yelled, "[a]nybody else want to get shot?"

Finally, contrary to defendant's further contention, we conclude that the sentence is not unduly harsh or severe in light of the circumstances of the crimes and defendant's criminal history, which includes several violent offenses.

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court