■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN LUCAS, Appellant. [942 NYS2d 842]—

Appeal from a judgment of the Supreme Court, Erie County (Shirley Troutman, J.), rendered January 26, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1] [intentional murder]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). Contrary to defendant's contention, the conviction is supported by legally sufficient evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). Addressing first the conviction of intentional murder, we note that " '[i]ntent to kill may be inferred from defendant's conduct as well as the circumstances surrounding the crime' " (*People v Badger,* 90 AD3d 1531, 1532 [2011]; *see People v Geddes,* 49 AD3d 1255, 1256 [2008], *lv denied* 10 NY3d 863 [2008]). Here, viewing the evidence in the light most favorable to the People (*see People v Contes,* 60 NY2d 620, 621 [1983]), we conclude that it is legally sufficient to establish defendant's intent to kill. The People presented evidence that defendant had quarreled with the victim immediately before the shooting (*see People v Henning,* 267 AD2d 1092, 1092 [1999], *lv denied* 94 NY2d 903 [2000]). In addition, the shooting occurred while defendant was facing the victim and, with the encouragement of a bystander, defendant pointed a gun toward the victim from a few feet away and fired that weapon (*see People v Cobb,* 72 AD3d 1565, 1565 [2010], *lv denied* 15 NY3d 803 [2010]; *People v Colon,* 275 AD2d 797, 797 [2000], *lv denied* 95 NY2d 904 [2000]). With respect to the conviction of criminal possession of a weapon, "[t]he evidence, viewed in the light most favorable to the People . . . , is legally sufficient to disprove defendant's defense of temporary and lawful possession of a weapon" (*People v Miller,* 259 AD2d 1037 [1999], *lv denied* 93 NY2d 927 [1999]; *see generally Bleakley,* 69 NY2d at 495).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457 [2009], *lv denied* 13 NY3d 942 [2010] [internal quotation marks omitted]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Smith, Fahey and Sconiers, JJ.