# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**511**
**KA 10-00201**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

IVAN LUCAS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (JOHN P. GERKEN, JR., OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Shirley Troutman, J.), rendered January 26, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1] [intentional murder]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). Contrary to defendant's contention, the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Addressing first the conviction of intentional murder, we note that " '[i]ntent to kill may be inferred from defendant's conduct as well as the circumstances surrounding the crime' " (*People v Badger*, 90 AD3d 1531, 1532; *see People v Geddes*, 49 AD3d 1255, 1256, *lv denied* 10 NY3d 863). Here, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that it is legally sufficient to establish defendant's intent to kill. The People presented evidence that defendant had quarreled with the victim immediately before the shooting (*see People v Henning*, 267 AD2d 1092, 1092, *lv denied* 94 NY2d 903). In addition, the shooting occurred while defendant was facing the victim and, with the encouragement of a bystander, defendant pointed a gun toward the victim from a few feet away and fired that weapon (*see People v Cobb*, 72 AD3d 1565, 1565, *lv denied* 15 NY3d 803; *People v Colon*, 275 AD2d 797, 797, *lv denied* 95 NY2d 904). With respect to the conviction of criminal possession of a weapon, "[t]he evidence, viewed in the light most favorable to the People . . ., is legally sufficient to disprove defendant's defense of temporary and lawful possession of a weapon" (*People v Miller*, 259

AD2d 1037, *lv denied* 93 NY2d 927; *see generally Bleakley*, 69 NY2d at 495).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).  "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]).  Finally, the sentence is not unduly harsh or severe.

Entered:  April 20, 2012                     Frances E. Cafarell
                                             Clerk of the Court