SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

776
KA 11-00058
PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

JUAN LOPEZ, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered December 7, 2010. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). Contrary to defendant's contention, the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). With respect to the issue of intent, we note that " '[i]ntent to kill may be inferred from defendant's conduct as well as the circumstances surrounding the crime' " (*People v Badger*, 90 AD3d 1531, 1532, *lv denied* 18 NY3d 991; *see People v Cobb*, 72 AD3d 1565, 1565, *lv denied* 15 NY3d 803). Here, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that it is legally sufficient to establish defendant's intent to kill. The People presented evidence that defendant and the victim quarreled immediately before the shooting (*see People v Lucas*, 94 AD3d 1441, 1441; *People v Vigliotti*, 270 AD2d 904, 904-905, *lv denied* 95 NY2d 839, *rearg denied* 95 NY2d 970; *People v Henning*, 267 AD2d 1092, *lv denied* 94 NY2d 903), and that defendant was only a few feet away from the victim when defendant pointed a gun at him and then fired that weapon (*see Lucas*, 94 AD3d at 1441; *Cobb*, 72 AD3d at 1565; *Vigliotti*, 270 AD2d at 904-905). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury"

(*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]).

Contrary to defendant's further contention, we conclude that Supreme Court properly denied his request for a missing witness charge with respect to the victim's cousin and friend, respectively. " 'The request, made after the close of the proof, was untimely' " (*People v Garrido-Valdez*, 299 AD2d 858, 859, *lv denied* 99 NY2d 614; *see People v Garner*, 52 AD3d 1329, 1330, *lv denied* 11 NY3d 788). Defendant failed to preserve for our review his contention that he was deprived of a fair trial based on prosecutorial misconduct during summation (*see People v McEathron*, 86 AD3d 915, 916; *People v Lyon*, 77 AD3d 1338, 1339, *lv denied* 15 NY3d 954) and, in any event, that contention is without merit. To the extent that the prosecutor referred to the defense's failure to "contradict" the proof offered by the People and to the theories of the defense as a "distraction" and "nonsense," we conclude that such conduct, although improper, was not so egregious as to deprive defendant of a fair trial (*see People v Carr*, 59 AD3d 945, 946, *affd* 14 NY3d 808; *see also McEathron*, 86 AD3d at 916-917; *Lyon*, 77 AD3d at 1339). We reject defendant's contention that the People misstated the law on summation, and we note in any event that the court instructed the jury that it should accept the law as charged by the court (*see generally People v Barnes*, 80 NY2d 867, 868). The remaining instances of alleged prosecutorial misconduct on summation were " 'either a fair response to defense counsel's summation or fair comment on the evidence' " (*People v Green*, 60 AD3d 1320, 1322, *lv denied* 12 NY3d 915; *see McEathron*, 86 AD3d at 916; *Lyon*, 77 AD3d at 1339).

We also reject defendant's contention that he was denied effective assistance of counsel. Defendant contends that he received ineffective assistance based on his trial counsel's consent to a mistrial after a jury was selected and sworn in the first trial. We agree with defendant that, by consenting to a mistrial at that stage of the proceedings, defense counsel waived any claim of double jeopardy and foreclosed any challenge to the necessity of declaring a mistrial (*see generally People v Catten*, 69 NY2d 547, 553-554; *People v Ferguson*, 67 NY2d 383, 387-388). Nevertheless, we reject defendant's contention that he was thereby denied effective assistance of counsel inasmuch as he failed to " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" (*People v Caban*, 5 NY3d 143, 152). We also reject defendant's contention that he was denied effective assistance of counsel based on the failure of defense counsel to object to the allegedly improper comments made by the prosecutor on summation. As previously noted herein, "defendant was not denied a fair trial by [the prosecutor's improper commentary on summation relating to the defense], and the remaining instances of alleged prosecutorial misconduct on summation did not in fact constitute prosecutorial misconduct" (*Lyon*, 77 AD3d at 1339; *see People v Hill*, 82 AD3d 1715, 1716, *lv denied* 17 NY3d 806; *see generally Caban*, 5 NY3d at 152).

Finally, the sentence is not unduly harsh or severe.

Entered:  June 15, 2012                          Frances E. Cafarell
                                                 Clerk of the Court