SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

1301
KA 12-00569
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

               V                           MEMORANDUM AND ORDER

GUILLERMO TORRES, III, DEFENDANT-APPELLANT.
_____

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF
COUNSEL), FOR DEFENDANT-APPELLANT.

GUILLERMO TORRES, III, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF
COUNSEL), FOR RESPONDENT.
-----------------------------------------------------------------------

     Appeal from a judgment of the Supreme Court, Monroe County
(Daniel J. Doyle, J.), rendered November 21, 2011. The judgment
convicted defendant, upon a jury verdict, of attempted murder in the
second degree and assault in the first degree.

     It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

     Memorandum: On appeal from a judgment convicting him following a
jury trial of attempted murder in the second degree (Penal Law §§
110.00, 125.25 [1]) and assault in the first degree (§ 120.10 [1]),
defendant contends that the evidence is legally insufficient to
support the conviction of attempted murder because the People failed
to prove the element of intent. Defendant failed to preserve that
contention for our review, however, "because his motion for a trial
order of dismissal was not specifically directed at the ground[]
advanced on appeal and because he failed to renew his motion after
presenting evidence" (*People v Wright*, 107 AD3d 1398, 1401, *lv denied*
23 NY3d 1026; *see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d
678; *People v Gray*, 86 NY2d 10, 19). In any event, the contention is
without merit (*see generally People v Bleakley*, 69 NY2d 490, 495). It
is well established that "[i]ntent to kill may be inferred from
defendant's conduct as well as the circumstances surrounding the
crime" (*People v Lopez*, 96 AD3d 1621, 1622 [internal quotation marks
omitted], *lv denied* 19 NY3d 998; *see People v Price*, 35 AD3d 1230,
1231, *lv denied* 8 NY3d 926). Viewing the evidence in the light most
favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we
conclude that it is legally sufficient to establish defendant's intent
to kill. "The People presented evidence that defendant and the victim
quarreled immediately before the shooting . . . , and that defendant

was only a few feet away from the victim when defendant pointed a gun at him and then fired that weapon" (*Lopez*, 96 AD3d at 1622). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).

We reject defendant's further contention that Supreme Court erred in failing sua sponte to order a competency hearing to determine whether defendant was fit to proceed at the time of sentencing (*see People v Tortorici*, 92 NY2d 757, 765-766, *cert denied* 528 US 834; *People v Morgan*, 87 NY2d 878, 879-880; *People v Garrasi*, 302 AD2d 981, 982-983, *lv denied* 100 NY2d 538). The court " 'had the opportunity to interact with and observe defendant . . . , [and thus] the court had adequate opportunity to properly assess defendant's competency' " (*People v Chicherchia*, 86 AD3d 953, 954, *lv denied* 17 NY3d 952; *see People v Cipollina*, 94 AD3d 1549, 1550, *lv denied* 19 NY3d 971). "Moreover, [we] note[ ] that defense counsel did not request a hearing and, as it has been observed, [defense] counsel was in the best position to assess defendant's capacity" (*Cipollina*, 94 AD3d at 1549-1550 [internal quotation marks omitted]). "On the contrary, defense counsel . . . made clear that defendant was competent" to proceed on the day of sentencing (*Tortorici*, 92 NY2d at 767).

We conclude that defendant's contention in his pro se supplemental brief that "he was denied a preliminary hearing is of no moment" (*People v Kirk*, 96 AD3d 1354, 1358, *lv denied* 20 NY3d 1012). It is well established that "[t]here is no constitutional or statutory right to a preliminary hearing . . . , nor is it a jurisdictional predicate to indictment" (*id*. [internal quotation marks omitted]; *see People v Caswell*, 56 AD3d 1300, 1302, *lv denied* 11 NY3d 923, *reconsideration denied* 12 NY3d 781). "[E]ven assuming, arguendo, that defendant was denied a preliminary hearing, we conclude that the failure to hold such a hearing does not require dismissal of the indictment or a new trial" (*Kirk*, 96 AD3d at 1358; *see People v Bensching*, 117 AD2d 971, 972, *lv denied* 67 NY2d 939; *see also People v Russ*, 292 AD2d 862, 862, *lv denied* 98 NY2d 713, *reconsideration denied* 99 NY2d 539). To the extent that the contentions in defendant's pro se supplemental brief involve matters outside the record on appeal, those contentions must be raised by way of a motion pursuant to CPL article 440 (*see People v Kreutter*, 121 AD3d 1534, 1535, *lv denied* 25 NY3d 990; *People v Brown*, 120 AD3d 1545, 1546, *lv denied* 24 NY3d 1082). Further, to the extent that we are able to review defendant's contention that he was denied effective assistance of counsel based on the record before us, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147). We have considered the remaining contentions in defendant's pro se supplemental brief and conclude that they are without merit. Finally, the sentence is not unduly harsh or severe.

Entered:  February 5, 2016                    Frances E. Cafarell
                                              Clerk of the Court