People v Chase (2018 NY Slip Op 00935)





People v Chase


2018 NY Slip Op 00935


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1367 KA 14-01136

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROSE M. CHASE, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered January 15, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, tampering with physical evidence, and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is modified on the law by reversing that part convicting defendant of endangering the welfare of a child and dismissing count three of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), tampering with physical evidence (§ 215.40 [2]), and endangering the welfare of a child (§ 260.10 [1]). Although we agree with defendant that the People improperly delayed turning over certain Rosario material, we conclude that she failed to demonstrate substantial prejudice as a result thereof, and she is therefore not entitled to a new hearing or reversal of the judgment of conviction (see People v Boykins, 134 AD3d 1542, 1543 [4th Dept 2015], lv denied 27 NY3d 1066 [2016]; People v Carota, 93 AD3d 1072, 1077 [3d Dept 2012]; People v Lluveres, 15 AD3d 848, 849 [4th Dept 2005], lv denied 5 NY3d 807 [2005]; People v Collins, 283 AD2d 437, 438 [2d Dept 2001], lv dismissed 96 NY2d 934 [2001], lv denied 97 NY2d 703 [2002]).
We reject defendant's contention that County Court erred in limiting the cross-examination of a police officer. The court ruled that defense counsel could inquire whether the officer was in communication with the District Attorney during his interview of defendant but that he could not question the officer regarding the specific contents of the communication. " The trial court is granted broad discretion in making evidentiary rulings in connection with the preclusion or admission of testimony[,] and such rulings should not be disturbed absent an abuse of discretion' " (People v Acevedo, 136 AD3d 1386, 1387 [4th Dept 2016], lv denied 27 NY3d 1127 [2016]). Here, the court's ruling did not constitute an abuse of discretion.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that it is legally sufficient to establish defendant's intent to kill inasmuch as such intent " may be inferred from defendant's conduct as well as the circumstances surrounding the crime' " (People v Badger, 90 AD3d 1531, 1532 [4th Dept 2011], lv denied 18 NY3d 991 [2012]). In addition to certain statements of defendant from which the jury could infer that she intended to kill the victim, the People presented evidence that, on the day of the victim's death, defendant and the victim had an argument (see People v Lucas, 94 AD3d 1441, 1441 [4th Dept 2012], lv denied 19 NY3d 964 [2012]). Moreover, there is no dispute that defendant is in fact solely responsible for the victim's death, hid the body for several weeks at her home, and then transported the body to her mother's house where she cremated the body and disposed of the remains in a trash can (see People v Geddes, 49 AD3d 1255, 1256 [4th Dept 2008], lv denied 10 NY3d 863 [2008]). Viewing the evidence in light of the elements of [*2]murder in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict with respect to that charge is not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that her conviction of endangering the welfare of a child is not based on legally sufficient evidence, and we therefore modify the judgment accordingly. The charge arose from defendant allegedly having her four-year-old child accompany her when she transported the victim's body to her mother's house. Viewing the evidence in support of that charge in the light most favorable to the People (see Contes, 60 NY2d at 621), we conclude that the People failed to establish beyond a reasonable doubt that the child's riding in the car with the victim's body was likely to result in harm to the physical, mental, or moral welfare of the child (see Penal Law § 260.10 [1]; People v Hitchcock, 98 NY2d 586, 590-591 [2002]). Specifically, the People presented no evidence that the child was aware that the victim's body was in the car or that the child was upset or bothered by any smells or sights in the car or later at his grandmother's house (see generally People v Kanciper, 100 AD3d 778, 779 [2d Dept 2012]).
Although the Court of Appeals has held that "[a]ctual harm to the child need not result for criminal liability" and that "it is sufficient that the defendant act in a manner which is likely to result in harm to the child, knowing of the likelihood of such harm coming to the child" (People v Johnson, 95 NY2d 368, 371 [2000] [internal quotation marks omitted]), "[t]he People . . . must establish that the harm was likely to occur, and not merely possible" (Hitchcock, 98 NY2d at 591 [2002]). Our dissenting colleagues conclude that "the jury here could have reasonably concluded that there was a likelihood that the child could be harmed by his inevitable knowledge and understanding of the actual events in which defendant knowingly involved him." In our view, that conclusion is too tenuous, and the "common human experience and commonsense understanding of the nature of children" cannot overcome the fact that there is nothing in this record from which the jury could have concluded that defendant's four-year-old child was likely to be harmed (People v Simmons, 92 NY2d 829, 831 [1998]). The actions of defendant in this case are beyond repugnant, but the dissent's reliance on the child's "inevitable knowledge and understanding of the actual events" in concluding that harm is likely to occur is entirely speculative.
Finally, we reject defendant's contention that her sentence is unduly harsh and severe.
All concur except Whalen, P.J., and Winslow, J., who dissent and vote to affirm in the following memorandum: We respectfully dissent inasmuch as we would affirm the judgment in its entirety. Viewing the evidence as a whole "and the inferences which may be drawn in the light most favorable to the People" (People v Johnson, 95 NY2d 368, 373 [2000]), we conclude that the evidence at trial is legally sufficient to support defendant's conviction of endangering the welfare of a child (Penal Law § 260.10 [1]). The jurors, "drawing upon their common human experience and commonsense understanding of the nature of children," could reasonably conclude that transporting a four-year-old child in a car with the body of the severely decomposed, dismembered corpse of the man the child knew to be his father was "likely to have caused the child harm, and that defendant knew that her [actions] were likely to cause the child to suffer harm" (People v Simmons, 92 NY2d 829, 831 [1998], citing People v Kennedy, 47 NY2d 196, 203 [1979], rearg dismissed 48 NY2d 635, 656 [1979]). We cannot agree with the majority that this is a case where the child was completely unaware of the circumstances. Defendant, herself, admitted in a police interview that the car "stunk" at the time, prompting her to attempt to minimize the smell by driving with the windows down and explaining to the child that "[M]ommy is trying to air out the car." Contrary to People v Kanciper (100 AD3d 778, 779 [2d Dept 2012]), on which the majority relies, the jury here could have reasonably concluded that there was a likelihood that the child could be harmed by his inevitable knowledge and understanding of the actual events in which defendant knowingly involved him (see Simmons, 92 NY2d at 831; see generally Johnson, 95 NY2d at 372; People v Kalen, 68 AD3d 1666, 1667 [4th Dept 2009], lv denied 14 NY3d 842 [2010]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court