People v Forsythe (2024 NY Slip Op 04665)

People v Forsythe

2024 NY Slip Op 04665

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

574 KA 18-01292

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMEL J. FORSYTHE, DEFENDANT-APPELLANT. 

TINA L. HARTWELL, PUBLIC DEFENDER, UTICA (JESSICA P. CUNNINGHAM OF COUNSEL), FOR DEFENDANT-APPELLANT.
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (DAWN CATERA LUPI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered February 6, 2018. The judgment convicted defendant, upon a nonjury verdict, of attempted murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, following a nonjury trial, of one count of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). Defendant and three other men pursued the victim, and one of the other men attempted to punch the victim, before defendant produced a semiautomatic pistol and fired three or four shots, striking the victim in the left arm. The encounter was captured on several surveillance videos.
Defendant contends that the evidence is legally insufficient to establish that he intended to kill the victim. We reject that contention. "It is well established that [i]ntent to kill may be inferred from defendant's conduct as well as the circumstances surrounding the crime" (People v Torres, 136 AD3d 1329, 1330 [4th Dept 2016] [internal quotation marks omitted]), and, here, according to the evidence at trial, defendant pursued the victim—who was retreating—for several minutes before defendant produced a firearm and fired three or four shots at close range (see generally People v Holmes, 129 AD3d 1692, 1694 [4th Dept 2015], lv denied 26 NY3d 968 [2015]).
After viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that " 'there is a valid line of reasoning and permissible inferences from which a rational [finder of fact] could have found' " that defendant intended to kill the victim (People v Danielson, 9 NY3d 342, 349 [2007]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes in this nonjury trial (see id.), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We likewise reject defendant's contention that defense counsel was ineffective for failing to request that the lesser included offense of attempted assault in the second degree be charged. To prevail on a claim of ineffective assistance of counsel, defendant has the burden to show that he was " 'deprived of a fair trial by less than meaningful representation' " (People v Mendoza, 33 NY3d 414, 418 [2019]; see People v Caban, 5 NY3d 143, 152 [2005]). "As long as the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance" (People v Benevento, 91 NY2d 708, 712-713 [1998]). Here, defendant failed to meet his burden of establishing that defense counsel's failure to request the lesser included charge was " 'other than an acceptable all-[*2]or-nothing defense strategy' " to be acquitted of the top count (People v Collins, 167 AD3d 1493, 1498 [4th Dept 2018], lv denied 32 NY3d 1202 [2019]; see People v McFadden, 161 AD3d 1570, 1571 [4th Dept 2018], lv denied 31 NY3d 1150 [2018]).
Finally, contrary to defendant's contention, his sentence is not unduly harsh or severe.
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court