People v Schrader (2024 NY Slip Op 05718)

People v Schrader

2024 NY Slip Op 05718

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND KEANE, JJ.

759 KA 21-01594

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS E. SCHRADER, DEFENDANT-APPELLANT. 

STEPHANIE R. DIGIORGIO, UTICA, FOR DEFENDANT-APPELLANT.
ANTHONY J. DIMARTINO, JR., DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered June 30, 2021. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree and assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the first degree (§ 120.10 [1]). Defendant's conviction stems from a road rage incident where defendant shot the victim four times. Defendant and the victim stopped and exited their vehicles and confronted each other while engaging in a verbal altercation before returning to their vehicles and driving off. A short time later, defendant and the victim stopped their vehicles at an intersection, exited their vehicles, and engaged in a brief physical altercation. As the victim turned to walk or run away, defendant pulled out a gun and shot him.
Defendant's contention that the evidence is legally insufficient to support the conviction of attempted murder inasmuch as the People did not establish that he intended to kill the victim is not preserved for our review because defendant failed to move for a trial order of dismissal on that ground (see People v Gray, 86 NY2d 10, 19 [1995]; People v McDonald, 189 AD3d 2162, 2162 [4th Dept 2020], lv denied 36 NY3d 1099 [2021]) and also failed to renew his motion after he presented evidence (see People v Mabry, 214 AD3d 1300, 1301 [4th Dept 2023], lv denied 40 NY3d 935 [2023], reconsideration denied 40 NY3d 1081 [2023]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish defendant's intent to kill (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "It is well established that a defendant's [i]ntent to kill may be inferred by [his] conduct as well as the circumstances surrounding the crime . . . , and that a jury is entitled to infer that a defendant intended the natural and probable consequences of his acts" (People v Hough, 151 AD3d 1591, 1593 [4th Dept 2017], lv denied 30 NY3d 950 [2017] [internal quotation marks omitted]; see People v Lopez, 96 AD3d 1621, 1622 [4th Dept 2012], lv denied 19 NY3d 998 [2012]). Here, the People presented evidence that defendant and the victim were in two altercations immediately before the shooting and that defendant shot the victim four times from approximately 10 feet away (see People v Torres, 136 AD3d 1329, 1330 [4th Dept 2016], lv denied 28 NY3d 937 [2016], cert denied 580 US 1068 [2017]; Lopez, 96 AD3d at 1622; People v Lucas, 94 AD3d 1441, 1441 [4th Dept 2012], lv denied 19 NY3d 964 [2012]).
Defendant's further contention that the evidence is legally insufficient to support the conviction of attempted murder and assault inasmuch as the People did not disprove the defense of justification beyond a reasonable doubt is also not preserved for our review (see Gray, 86 NY2d at 19; People v Brown, 194 AD3d 1399, 1400 [4th Dept 2021]). In any event, we conclude that the contention is without merit (see generally Bleakley, 69 NY2d at 495). [*2]Additionally, viewing the evidence in light of the elements of the crimes and the defense of justification as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence. The jury could reasonably have found based on the testimony of the People's witnesses and the dash camera video that the victim was not using or attempting to use deadly physical force when defendant shot him (see People v St. John, 215 AD3d 1267, 1268 [4th Dept 2023], lv denied 40 NY3d 999 [2023]; see generally Penal Law § 35.15 [2] [a]). Moreover, the jury could reasonably have found based on that same testimony and video that defendant had the opportunity to retreat and failed to do so (see St. John, 215 AD3d at 1268; see generally § 35.15 [2] [a]).
Finally, the sentence is not unduly harsh or severe.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court