People v Robbs (2024 NY Slip Op 06448)

People v Robbs

2024 NY Slip Op 06448

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND DELCONTE, JJ.

743 KA 22-00045

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES ROBBS, ALSO KNOWN AS JIMMY, ALSO KNOWN AS J FROM SCHUELE, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BRAEDAN M. GILLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered July 28, 2021. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [3]). Defendant's conviction stems from an incident in which the assailant entered an automobile repair garage during a community party and shot the victim multiple times with a handgun, killing him.
We reject defendant's contention that his conviction is not supported by legally sufficient evidence. "It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is 'whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [jury] on the basis of the evidence at trial, viewed in the light most favorable to the People' " (People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001]; see People v Hancock, 229 AD3d 1229, 1230 [4th Dept 2024], lv denied 42 NY3d 1020 [2024]). Here, the shooting of the victim was captured on high-quality surveillance video that, when slowed down, showed the assailant's face. That video was played for the members of the jury, who were also shown comparison photographs of defendant from the same period of time and a photograph that defendant posted on Facebook in which he was wearing the same style of burgundy, bell-bottomed pants visible on the shooter in the surveillance video. A witness further testified that she heard several gunshots and then saw an individual holding a handgun emerge from the garage and get into a black pickup truck. The truck seen by the witness, which was also captured in the surveillance video, was tracked down by the police based on that video and the partial license plate number provided by the witness and found to be registered to the mother of defendant's child. When defendant was arrested, he was alone in a residence with the truck parked outside in the driveway and mail addressed to him inside the vehicle. A loaded handgun was recovered from a television stand inside the residence, which was later determined not to be the same firearm used in the shooting. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that "there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime[s] proved beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]). For the same reasons, viewing the evidence in light of the elements of the crimes as charged to the jury (see id. at 349), we conclude that the verdict is not against the weight of the evidence (see People v Hickey, 171 AD3d 1465, 1465-1466 [4th Dept 2019], lv denied 33 NY3d 1105 [2019]; [*2]see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant also contends that Supreme Court abused its discretion in allowing testimony from a police detective identifying defendant as the shooter in the surveillance video. As the Court of Appeals recently explained in People v Mosley (41 NY3d 640 [2024]), identification testimony from a lay witness may only be admitted "where [1] the witness is sufficiently familiar with the defendant that their testimony would be reliable, and [2] there is reason to believe the jury might require such assistance in making its independent assessment" (id. at 642). With respect to the witness's familiarity with the defendant, the court must initially "determine whether 'the witness has had sufficient contact with the defendant to achieve a level of familiarity that renders the lay opinion helpful' " (id. at 648, quoting United States v Fulton, 837 F3d 281, 297-298 [3d Cir 2016]). Here, the police detective who identified defendant from the surveillance video testified at the suppression hearing that his contact with defendant consisted of interviewing him twice, driving him to a courthouse on approximately three occasions, and sitting next to him during court proceedings, all of which occurred eight years before the police detective first viewed the surveillance video. We agree with defendant that this limited and temporally remote contact "did not establish that [the detective] was sufficiently familiar with [defendant] to render his identification helpful to the jury" (id. at 650) and, thus, it was an abuse of discretion to allow him to so testify. Nonetheless, we conclude that "any error in admitting that testimony was harmless inasmuch as the [remaining] evidence [of defendant's identity as the shooter] was overwhelming and there is no significant probability that the jury would have acquitted defendant if that testimony had been excluded" (People v Drager, 229 AD3d 1143, 1146 [4th Dept 2024], lv denied 42 NY3d 970 [2024]; see People v Harlow, 195 AD3d 1505, 1508 [4th Dept 2021], lv denied 37 NY3d 1027 [2021]).
Defendant further contends that his counsel was ineffective in failing to request a jury instruction on the cross-racial effect in witness identification because defendant and the police detective who identified defendant as the shooter in the surveillance video are of different races. We agree with defendant that, under the circumstances of this case, if defense counsel had requested a cross-racial identification instruction, the court would have been required to provide one (see People v Boone, 30 NY3d 521, 535-536 [2017]). Nonetheless, "[a] single error rises to the level of ineffective assistance of counsel only in the rare instance when the error 'involve[s] an issue that is so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it, and it [is] evident that the decision to forgo the contention could not have been grounded in a legitimate trial strategy' " (People v Nellons, 187 AD3d 1574, 1575 [4th Dept 2020], lv denied 36 NY3d 1058 [2021] [internal quotation marks omitted], quoting People v Keschner, 25 NY3d 704, 723 [2015]). Here, defense counsel's " 'single error in failing to request such a charge [did] not constitute ineffective representation as it was not so serious as to compromise defendant's right to a fair trial' " (People v Geddes, 49 AD3d 1255, 1257 [4th Dept 2008], lv denied 10 NY3d 863 [2008]; see People v McCoy, 169 AD3d 1260, 1265-1266 [3d Dept 2019], lv denied 33 NY3d 1033 [2019]).
To the extent that defendant contends that he was penalized for exercising his right to a trial, that contention is not preserved for our review (see People v Hurley, 75 NY2d 887, 888 [1990]; People v McCutcheon, 219 AD3d 1698, 1700 [4th Dept 2023], lv denied 40 NY3d 1040 [2023]). In any event, it is without merit (see People v Roberts, 213 AD3d 1348, 1350-1351 [4th Dept 2023], lv denied 40 NY3d 930 [2023]; People v Daskiewich, 196 AD3d 1061, 1064 [4th Dept 2021], lv denied 37 NY3d 1145 [2021]).
Finally, the sentence is not unduly harsh or severe.
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court