■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BAHAMONTE, Appellant. [932 NYS2d 62]—

Defendant was not deprived of a fair trial by the People's questioning of their civilian witnesses about their reluctance to testify. Under the circumstances of the case, including defendant's attacks on the witnesses' credibility, it was appropriate for the prosecutor to elicit brief, nonprejudicial testimony that the witnesses did not wish to testify (*see People v Howard*, 7 AD3d 314 [2004], *lv denied* 3 NY3d 675 [2004]; *People v Wortherly*, 68 AD2d 158, 163-164 [1979]). Furthermore, the prosecutor had a good faith basis for believing that defendant had tampered with witnesses. Accordingly, the prosecutor appropriately made limited attempts to elicit defendant's acts of witness-tampering. Had any of these witnesses revealed such acts, that testimony would have been admissible as consciousness-of-guilt evidence. In any event, the prosecutor's attempts were unsuccessful, and they did not cause defendant any prejudice.

The prosecutor's summation remarks about the witnesses' fear of defendant were made in response to defense counsel's at-

tack on the witnesses' credibility, and were a fair comment based upon the evidence (*see Howard*, 7 AD3d at 314). The prosecutor's comments on defendant's gang membership were based on the evidence, and that evidence was relevant to the issue of motive.

In addition, defendant challenges the portions of the prosecutor's summation and the court's charge that dealt with defendant's alleged disappearance for several weeks after the crime, and the consciousness-of-guilt inference that could be drawn therefrom. These arguments are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. There was a sufficient evidentiary basis for the summation remarks and the corresponding jury instruction. Concur—Saxe, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Román, JJ.