# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

177

KA 11-00341

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MELVIN L. STEPHENSON, DEFENDANT-APPELLANT.

---

JAMES L. DOWSEY, III, ELLICOTTVILLE, FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered January 31, 2011. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, manslaughter in the first degree and robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [3]), manslaughter in the first degree (§ 125.20 [1]), and robbery in the first degree (§ 160.15 [1]), defendant contends that the evidence is legally insufficient to establish his commission of any of the charged crimes. Defendant further contends that the verdict is against the weight of the evidence. Although defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence, we " 'necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence' " (*People v Stepney*, 93 AD3d 1297, 1298, *lv denied* 19 NY3d 968; *see People v Danielson*, 9 NY3d 342, 349; *People v Francis*, 83 AD3d 1119, 1120, *lv denied* 17 NY3d 806).

Viewing the evidence in the light most favorable to the People, as we must in the context of a legal sufficiency analysis (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to establish that defendant forcibly stole money from the victim and that, during the course and commission of that robbery, he strangled the victim to death. We further conclude that, when viewed in light of the elements of the crimes as charged to the jury (*see Danielson*, 9 NY3d at 349), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Although there was no direct evidence that defendant killed the victim or stole money from him, there was ample circumstantial evidence of defendant's guilt, and it is well settled that circumstantial evidence

is "not a disfavored form of proof and, in fact, may be stronger than direct evidence when it depends upon 'undisputed evidentiary facts about which human observers are less likely to err . . . or to distort' " (*People v Geraci*, 85 NY2d 359, 369).

The victim, an 80-year-old man who lived alone in an apartment in the same building where defendant resided, was found dead inside his apartment by a Meals-on-Wheels volunteer who brought him food at approximately 11:00 a.m. on December 1, 2009. The victim had been strangled and had several open cuts or abrasions on his body. The aide who assisted the victim with his bathing and other needs testified that the victim had no cuts or abrasions on his body when she gave him a shower the previous day. According to the Medical Examiner, the victim was killed sometime between 9:00 that morning and 8:30 the night before. There were drops of the victim's blood on the jacket defendant was wearing when he was questioned by the police on December 1, 2009, and the victim's DNA was found on a pair of gloves in defendant's pocket.

In addition, several residents of the apartment building testified that they observed defendant inside the victim's apartment the night before his body was found, and one resident heard the two men arguing over money. Defendant's former girlfriend testified that, several weeks before the victim was killed, defendant said that he was tired of being "broke" and that he could take money from the "old man downstairs" while he was sleeping. Another witness testified that defendant told him in mid-November 2009 that he was going to kill the victim.

The People also introduced evidence that the victim had more than $100 in his wallet on November 30, 2009, when he was last seen alive, and that his wallet was empty when he was found dead the following morning. During the day on November 30, 2009, defendant, who was unemployed, had no money. He attempted to sell something that day to another resident in the building, saying that he needed money to purchase minutes for his cell phone. The resident declined to buy anything from defendant. The next morning, i.e., the same morning that the victim's body was found, defendant purchased a carton of cigarettes and a 24-pack of beer, among other items. He also had minutes on his cell phone. When questioned by the police about where he got the money to pay for the beer and cigarettes, defendant said that he won $100 from a lottery ticket he purchased and cashed at the store on December 1, 2009. The police learned that no lottery tickets were cashed at that store that day for more than $20. In light of the above evidence, we cannot conclude that the evidence is legally insufficient or that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant's remaining contention is that defense counsel was ineffective for failing to preserve for our review his challenge to the legal sufficiency of the evidence. Because we have reviewed the sufficiency of the evidence in determining whether the verdict is against the weight of the evidence, defendant was not prejudiced by

defense counsel's failure to preserve the sufficiency contention.