# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1135**

**KA 09-01274**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JAMES KING, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered May 22, 2009.  The judgment convicted defendant, after a nonjury trial, of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a nonjury verdict of criminal sale of a controlled substance in or near school grounds (Penal Law § 220.44 [2]), criminal sale of a controlled substance in the third degree (§ 220.39 [1]), and criminal possession of a controlled substance in the third degree (§ 220.16 [1]).  Defendant failed to preserve for our review his contention that reversal is required based on prosecutorial misconduct on summation (*see People v Green*, 43 AD3d 1279, 1281, *lv denied* 9 NY3d 1034) and, in any event, that contention is without merit.  We agree with defendant that it was improper for the prosecutor to remark that a witness was afraid of defendant inasmuch as that was not a fair comment on the evidence (*see People v Facciolo*, 288 AD2d 392, 394; *cf. People v Bahamonte*, 89 AD3d 512, 512-513, *lv denied* 18 NY3d 881).  We further agree with defendant that the prosecutor improperly used defendants past crimes of violence to suggest that the witness had "a reason to be afraid."  It is fundamental that the function of cross-examining a defendant about his or her prior criminal, vicious, or immoral acts "is solely to impeach [the defendant's] credibility as a witness" (*People v Sandoval*, 34 NY2d 371, 376).  Nevertheless, we conclude that the prosecutor's isolated remarks were not so egregious as to deprive defendant of a fair trial (*see People v Miller,* 104 AD3d 1223, 1223-1224, *lv denied* 21 NY3d 1017; *People v Scott*, 60 AD3d 1483,

1484, *lv denied* 12 NY3d 859), particularly considering that this was a bench trial (*see People v Dixon*, 50 AD3d 1519, 1519-1520, *lv denied* 10 NY3d 958; *see generally People v Moreno*, 70 NY2d 403, 406).

Entered:  November 8, 2013                        Frances E. Cafarell
                                                  Clerk of the Court