# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1057

KA 11-02354

PRESENT: SCUDDER, P.J., SMITH, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOHN COLE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered October 11, 2011.  The judgment convicted defendant, after a nonjury trial, of robbery in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him, after a nonjury trial, of robbery in the third degree (Penal Law § 160.05).  Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19).  In any event, we conclude that the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Furthermore, viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  Where, as here, the defendant's challenge is focused upon the credibility of the witnesses, we accord "great deference to the resolution of credibility issues by the trier of fact because those who see and hear the witnesses can assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record" (*People v Vanlare*, 77 AD3d 1313, 1315, *lv denied* 15 NY3d 956 [internal quotation marks omitted]).  Consequently, although a different verdict would not have been unreasonable based on all of the credible evidence (*see Danielson*, 9 NY3d at 348; *Bleakley*, 69 NY2d at 495), County Court specifically credited the victim's testimony, and we see no basis to disturb that determination.

Additionally, inasmuch as defendant's challenge to the legal sufficiency of the evidence is without merit, there is also no merit to his further contention that he was denied effective assistance of

counsel because defense counsel failed to preserve that challenge for our review (*see People v Stephenson*, 104 AD3d 1277, 1279, *lv denied* 21 NY3d 1020; *People v Perez*, 89 AD3d 1393, 1394, *lv denied* 18 NY3d 961). Finally, the sentence is not unduly harsh or severe.

Entered:  November 8, 2013                      Frances E. Cafarell
                                                Clerk of the Court