# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**533**

**KA 13-01590**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

GEORGE CAMPBELL, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NATHANIEL C. KAPPERMAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered May 10, 2013. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree, driving while intoxicated, a misdemeanor, driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, improper automobile equipment and improper license plates.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We reject defendant's contention that the evidence is legally insufficient to establish the element of possession with respect to that crime (*see generally People v Bleakley*, 69 NY2d 490, 495). The loaded handgun was discovered inside a sock on the floor under the driver's seat of the vehicle defendant was driving, and DNA taken from the sock was consistent with defendant's DNA. That evidence, along with the statutory presumption of possession set forth in Penal Law § 265.15 (3), is legally sufficient to establish defendant's constructive possession of the handgun (*see People v Ward*, 104 AD3d 1323, 1324, *lv denied* 21 NY3d 1011). Defendant failed to preserve for our review his further challenge to the legal sufficiency of the evidence with respect to the operability of the weapon (*see People v Gray*, 86 NY2d 10, 19). Furthermore, inasmuch as that challenge to the legal sufficiency of the evidence lacks merit (*see People v Cavines*, 70 NY2d 882, 883; *see also People v Brown*, 107 AD3d 1477, 1478, *lv denied* 21 NY3d 1040), defense counsel's failure to preserve it for our review does not constitute ineffective assistance of counsel (*see People v Cole*, 111 AD3d 1301, 1302). Finally, viewing the evidence in light of

the elements of the crime of criminal possession of a weapon in the second degree in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence with respect to that crime (*see generally Bleakley*, 69 NY2d at 495).

Entered: May 1, 2015                                    Frances E. Cafarell
                                                       Clerk of the Court