# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

384

KA 14-01561

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

CANDACE J. CARTAGENA, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered August 26, 2014. The judgment convicted defendant, upon a nonjury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, upon a nonjury verdict, of murder in the second degree (Penal Law § 125.25 [1]). Although defendant failed to preserve for our review her challenge to the legal sufficiency of the evidence, we "necessarily review the evidence adduced as to each of the elements of the crime[] in the context of our review of defendant's challenge regarding the weight of the evidence" (*People v Stephenson*, 104 AD3d 1277, 1278, *lv denied* 21 NY3d 1020, *reconsideration denied* 23 NY3d 1025 [internal quotation marks omitted]).

It is well established that " '[i]ntent to kill may be inferred from defendant's conduct as well as the circumstances surrounding the crime' " (*People v Badger*, 90 AD3d 1531, 1532, *lv denied* 18 NY3d 991). The People presented evidence through expert testimony that the victim's cause of death was asphyxia by neck or chest compression. That determination was based on the medical evidence as well as the fact that the victim was found: (1) face up with her shirt raised up half way; (2) with only one sock on half way; and (3) next to a pillow on bedding that appeared to be disheveled. In addition, the People presented evidence that defendant was the only person with the victim at the time of the victim's death and that defendant provided widely inconsistent accounts of her whereabouts and actions leading up to, and following, the victim's death. Although circumstantial in nature, when viewed in the light most favorable to the People, we conclude that the evidence is sufficient to establish that defendant

intentionally killed the victim (*see Stephenson*, 104 AD3d at 1278-1279; *People v Thibeault*, 73 AD3d 1237, 1239-1240, *lv denied* 15 NY3d 810, *cert denied* 562 US 1293).

Viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). While " 'a finding that defendant did not intend to kill the victim[] would not have been unreasonable . . . , it cannot be said that County Court, which saw and heard the witnesses and thus was able to assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record, failed to give the evidence the weight it should be accorded' " (*Badger*, 90 AD3d at 1532). The court in this nonjury trial "was free to credit the opinion expressed by the People's expert[s] and reject that of defendant's expert" (*People v Costa*, 256 AD2d 809, 809, *lv denied* 93 NY2d 872; *see People v Benson*, 119 AD3d 1145, 1148, *lv denied* 24 NY3d 1118; *People v Stein*, 306 AD2d 943, 944, *lv denied* 100 NY2d 599, *reconsideration denied* 1 NY3d 581).

Defendant also contends that defense counsel was ineffective for failing to preserve for our review his challenge to the legal sufficiency of the evidence. We note, however, that we have reviewed the sufficiency of the evidence in determining whether the verdict is against the weight of the evidence.

Contrary to defendant's further contention, we conclude that the court did not err in refusing to suppress statements she made to two police officers en route to the Erie County Medical Center (ECMC) and at the emergency room of the ECMC. When the police arrived at defendant's house, they were informed that a young girl was found dead in a bedroom and that defendant was inside a shed in the backyard. Defendant was removed from the shed and placed in an ambulance, where she indicated that she had tried to commit suicide. Defendant was then transported to the ECMC. In our view, defendant was not in police custody when defendant made the statements during that time period and, in any event, we conclude that the questions asked of her were investigatory rather than accusatory in nature (*see People v Carbonaro*, 134 AD3d 1543, 1547, *lv denied* 27 NY3d 994, *reconsideration denied* 27 NY3d 1149). Furthermore, while a defendant's involuntary commitment under Mental Hygiene Law § 9.41 is a relevant factor in determining whether he or she is in custody for *Miranda* purposes (*see People v Turkenich*, 137 AD2d 363, 366-367; *cf. People v Ripic*, 182 AD2d 226, 232-233, *appeal dismissed* 81 NY2d 776, *rearg denied* 81 NY2d 955; *see generally People v Heck*, 103 AD3d 1140, 1142, *lv denied* 21 NY3d 1074), we conclude that it is not dispositive in this case.

Defendant failed to preserve for our review her contention that she was deprived of a fair trial by prosecutorial misconduct on summation inasmuch as counsel failed to challenge any of those comments during summation and raised those contentions for the first time in a postsummations mistrial motion (*see People v Romero*, 7 NY3d 911, 912). In any event, we conclude that "the prosecutor's isolated

remarks were not so egregious as to deprive defendant of a fair trial
. . . , particularly considering that this was a bench trial" (*People v King*, 111 AD3d 1345, 1346, *lv denied* 23 NY3d 1022).

The sentence is not unduly harsh or severe.

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court