People v Conklin (2018 NY Slip Op 02502)





People v Conklin


2018 NY Slip Op 02502


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

107489

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SEAN W. CONKLIN, Appellant.

Calendar Date: February 23, 2018

Before: Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ.


Arthur G. Dunn, Troy, for appellant.
Joel E. Abelove, District Attorney, Troy (Kathryn M. Moryl of counsel), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Rensselaer County (Young, J.), rendered September 24, 2013, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and unlawful imprisonment in the second degree.
In August 2012, defendant was arrested and charged with kidnapping in the second degree, burglary in the second degree and criminal contempt in the first degree as a result of a domestic dispute with his former girlfriend (hereinafter the victim). Plea negotiations ensued and, after initially rejecting the People's modified offer, defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with burglary in the second degree and unlawful imprisonment in the second degree. Although defendant pleaded
guilty to the charged crimes before County Court (Jacon, J.) in November 2012, he subsequently moved to withdraw his plea on the basis that it had been procured by fraud and/or mistake because the Assistant District Attorney (hereinafter ADA) prosecuting the matter had misrepresented that the victim was willing to cooperate in the prosecution. Defendant also retained new counsel. Following a hearing in May 2013, County Court (Young, J.) denied defendant's motion to withdraw his plea, finding that the People did not engage in any fraud or misrepresentation in the procurement thereof. Defendant thereafter was sentenced upon his burglary conviction — as a violent felony offender — to a prison term of 3½ years followed by five years of postrelease supervision and, upon his conviction of unlawful imprisonment in the second degree, to a one-year term of incarceration, with said sentences to run concurrently with one another and with a separate sentence imposed under another superior court information. This appeal by defendant ensued.
We affirm. "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Jabot, 156 AD3d 954, 955 [2017] [internal quotation marks and citations omitted], lv denied 30 NY3d 1116 [2018]; accord People v Brown, 154 AD3d 1004, 1006 [2017], lv denied 30 NY3d 1113 [2018]; People v Beaver, 150 AD3d 1325, 1325 [2017]). Here, defense counsel testified at the hearing that the ADA prosecuting this matter had assured him — on multiple occasions — that the victim was cooperating with authorities and was "on board" with the prosecution, prompting defense counsel to convey that information to defendant and, in turn, to encourage him to accept the People's plea offer. Defendant similarly testified that his attorney had informed him that the victim was cooperating and that such belief was the basis for his decision to ultimately accept the People's offer and plead guilty. Although the victim insisted that she informed the ADA that she would not testify against defendant, thus giving rise to defendant's claim that his plea was procured by fraud or misrepresentation, the ADA disputed the victim's recollection of events and unequivocally testified that the victim "never indicated . . . that she was not going to cooperate," that "[s]he
never told [him] she was unwilling to testify" and that, despite her continued romantic feelings for defendant, the victim understood that there had to be "consequences" for defendant's actions and that she was "satisfied" with the plea deal. The ADA's testimony on this point was largely corroborated by a victim's advocate, who was present for a November 13, 2012 meeting with the ADA, the victim and the victim's mother to discuss the proposed plea bargain. In this regard, the victim's advocate testified that, although the victim did not want defendant to plead guilty to kidnapping, the victim never indicated either that she would not testify against defendant, that she was not "on board" with the prosecution or that she wanted to withdraw the charges against defendant.
County Court, having observed the witnesses first hand and having had ample opportunity to assess the credibility and demeanor thereof (see e.g. People v Cartagena, 149 AD3d 1518, 1519 [2017], lv denied 29 NY3d 1124 [2017]), elected to credit the testimony offered by the People's witnesses. Upon reviewing the record before us, we do not find that County Court abused its considerable discretion in this regard. Accordingly, defendant's motion to withdraw his plea was properly denied, and the judgment of conviction is affirmed.
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.