People v Cordero (2018 NY Slip Op 08267)





People v Cordero


2018 NY Slip Op 08267


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Tom, Moulton, JJ.


1782/12

[*1]7804 The People of the State of New York, Respondent,
v
Gilliam Cordero, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.



Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered June 12, 2013, as amended June 18, 2013, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of eight years, unanimously affirmed.
By failing to make specific objections on the grounds asserted on appeal, failing to join in a codefendant's objections, or by failing to request further relief after objections were sustained, defendant failed to preserve any of his challenges to the direct examination of the victim and to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
The record amply establishes the prosecutor's good faith basis for attempting to elicit that the victim's reluctance to testify was the result of witness-tampering attributable to defendant (see People v Bahamonte, 89 AD3d 512 [1st Dept 2011], lv denied 18 NY3d 881 [2012]). The challenged summation remarks were responsive to defense counsel's attack on the victim's credibility and constituted fair comment on the evidence (see id.).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK