People v Bell (2019 NY Slip Op 07200)





People v Bell


2019 NY Slip Op 07200


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


952 KA 17-01638

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ELIJAH BELL, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered December 20, 2016. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (two counts) and promoting prison contraband in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, two counts of assault in the second degree (Penal Law § 120.05 [3]), defendant contends that the conviction of those counts is not supported by sufficient evidence and that the verdict with respect to those counts is against the weight of the evidence. Defendant failed to preserve his challenge to the sufficiency of the evidence inasmuch as his motion for a trial order of dismissal and his renewed motion were not " specifically
directed' " at the error alleged on appeal (People v Gray, 86 NY2d 10, 19 [1995]; see People v Townsley, 50 AD3d 1610, 1611 [4th Dept 2008], lv denied 11 NY3d 742 [2008]; People v Jackson, 4 AD3d 773, 773 [4th Dept 2004], lv denied 2 NY3d 801 [2004]). In any event, the contention lacks merit. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences that would lead a rational juror to conclude that defendant was attempting to prevent correction officers from performing their lawful duty and, in doing so, caused physical injuries to two of the correction officers (see People v Campbell, 72 NY2d 602, 604-605 [1988]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We further conclude that the verdict on those counts is not against the weight of the evidence. According great deference to the jury's " opportunity to view the witnesses, hear the testimony and observe demeanor' " (People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]), and viewing the evidence in light of the elements of assault in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we are satisfied that the jury did not "fail[ ] to give the evidence the weight it should be accorded" (Bleakley, 69 NY2d at 495).
Defendant further contends that he was denied effective assistance of counsel due to defense counsel's failure to preserve defendant's challenge to the sufficiency of the evidence and failure to request a justification defense instruction. Defense counsel's failure to preserve a challenge to the legal sufficiency of the evidence "does not constitute ineffective assistance because [that] challenge[] would not have been meritorious" (People v Person, 153 AD3d 1561, 1563-1564 [4th Dept 2017], lv denied 30 NY3d 1118 [2018]; see People v Campbell, 128 AD3d 1401, 1402 [4th Dept 2015], lv denied 26 NY3d 927 [2015]). "A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]). With respect to defense counsel's failure to request a justification defense [*2]instruction, defendant has failed "to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's failure to request that instruction (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Johnson, 136 AD3d 1338, 1339 [4th Dept 2016], lv denied 27 NY3d 1134 [2016]). Viewing the evidence, the law, and the circumstances of this case in their totality at the time of the representation, we conclude that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court