People v Becktoft (2020 NY Slip Op 07784)





People v Becktoft


2020 NY Slip Op 07784


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1017 KA 15-01061

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PHILLIP BECKTOFT, DEFENDANT-APPELLANT. 






FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (JOHN A. HERBOWY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (MATTHEW P. WORTH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered January 14, 2013. The judgment convicted defendant after a nonjury trial of possessing a sexual performance by a child (five counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of five counts of possessing a sexual performance by a child (Penal Law § 263.16). Defendant does not dispute that he possessed a sexual performance of a child with respect to each count. Rather, he contends that the evidence is legally insufficient to establish that he knowingly did so. Defendant failed to preserve that contention for our review because he presented evidence after County Court denied his motion for a trial order of dismissal at the close of the People's case, and he failed to renew his motion at the close of the proof (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Norman, 183 AD3d 1240, 1242 [4th Dept 2020], lv denied 35 NY3d 1047 [2020]). Nevertheless, we " 'necessarily review the evidence adduced as to each of the elements of the crime[] in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Cartagena, 149 AD3d 1518, 1518 [4th Dept 2017], lv denied 29 NY3d 1124 [2017], reconsideration denied 30 NY3d 1018 [2017]).
"To be found guilty of possessing a sexual performance by a child, the evidence must establish, as relevant here, that the defendant, 'knowing the character and content thereof, . . . knowingly has in his [or her] possession or control . . . any performance which includes sexual conduct by a child less than [16] years of age' " (People v Henry, 166 AD3d 1289, 1290 [3d Dept 2018], quoting Penal Law § 263.16). "In the case of digital images and videos found on an electronic device, knowing possession may be inferred from evidence establishing that the defendant exercised dominion or control over the material on the device" (id.; see People v Kent, 19 NY3d 290, 301 [2012]). To establish dominion or control, the People must prove an " 'affirmative act,' such as printing, saving or downloading" (Henry, 166 AD3d at 1290, quoting Kent, 19 NY3d at 303). The People may establish the requisite mens rea through circumstantial evidence, including evidence of the defendant's actions and the surrounding circumstances (see People v Mitchell, 94 AD3d 1252, 1254 [3d Dept 2012], lv denied 19 NY3d 964 [2012]; see generally People v Feingold, 7 NY3d 288, 296 [2006]).
Here, defendant testified that he used his computer to download pornography, and that he may have accidentally downloaded child pornography. Defendant further testified that he performed an Internet search using an acronym that a police investigator testified is used to search for child pornography, though defendant denied knowing what that acronym meant. In addition, a police forensics supervisor testified that he determined that defendant also searched for the terms "10 yo," "11 yo," and "kiddy porn XXX." Furthermore, several of the child [*2]pornography files that defendant downloaded had explicit titles, and defendant testified that, after downloading the files from the Internet, he affirmatively transferred them to an external hard drive. Viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court