■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE M. RUSH, Appellant. [817 NYS2d 801]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered June 13, 2003. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Defendant contends that County Court erred in refusing to suppress physical evidence on the ground that his constitutional rights were violated when a police officer asked defendant to approach him and then asked defendant to remove his hands from his coat pockets. According to defendant, he threw the physical evidence, i.e., a pill bottle containing cocaine, on the ground in response to the illegal request that he remove his hands from his coat pockets and thus did not intentionally abandon the pill bottle. We reject defendant's contention that the court erred in refusing to suppress the pill bottle. The record establishes that the officer had responded to a call concerning a fight between two individuals involving a knife and a bat. The officer found no one at the reported intersection, a high crime area, and proceeded to drive 30 yards without activating his lights or siren. He observed a group of people who dispersed upon seeing his patrol car. Defendant was walking in the officer's direction when the officer asked defendant to approach him. We conclude "that the police action in this case constituted nothing more than a permissible request for information based on some objective credible reason," i.e., information concerning the fight (*People v Reyes*, 83 NY2d 945, 946 [1994], *cert denied* 513 US 991 [1994]; *see generally People v Weaver*, 255 AD2d 959 [1998], *lv denied* 93 NY2d 981 [1999]). In view of the evidence that the area in which the encounter occurred was a high crime area and that the officer was responding to a call concerning a fight between two individuals involving, inter alia, a knife, the conduct of the officer in directing defendant to remove his hands from his pockets was permissible based on the "interest [of the officer] in his own safety" (*People v Samuels*, 50 NY2d 1035, 1037 [1980], *cert denied* 449 US 984 [1980]). We thus reject the contention of defendant that his conduct in throwing the pill bottle was in response to an illegal request to remove his hands from his pockets (*see People v Sierra*, 83 NY2d 928, 930 [1994]), and we conclude that defendant effectively abandoned the pill bottle (*see id.*; *People v Peterkin*, 12 AD3d 1026, 1028 [2004], *lv denied* 4 NY3d 766 [2005]). Present—Hurlbutt, J.P., Scudder, Martoche, Smith and Hayes, JJ.