■ DEBORAH DOWD, Individually and as Executrix of HELEN SKILLMAN, Deceased, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [911 NYS2d 460]—

In an action to recover damages for wrongful death, the defendants appeal from a judgment of the Supreme Court, Queens County (Orlikoff-Flug, J.), entered June 3, 2009, which, upon a jury verdict on the issue of liability finding it 100% at fault in the happening of the accident, upon the denial of their motion, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial, and upon a jury verdict on the issue of damages awarding the plaintiff the sums of $1,750,000 for conscious pain and suffering and $250,000 for pecuniary loss, is in favor of the plaintiff and against them.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff the sum of $1,750,000 for conscious pain and suffering; as so modified, the judgment is affirmed, with costs to the defendants, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of damages for conscious pain and suffering only, unless within 30 days after service upon the plaintiff of a copy of this decision

and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for conscious pain and suffering from the sum of $1,750,000 to the sum of $1,200,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The bus terminal where the subject accident took place is located at 165th Street and Merrick Boulevard in Queens. On the morning of June 2, 2006, the New York City Transit Authority (hereinafter NYCTA) bus operated by the defendant Gilberto Cruz-Echevarria was parked in a space designated for buses, behind which was a public sidewalk. To exit from such a parking space, a bus operator would reverse the bus, encroaching on the sidewalk that ran along Merrick Boulevard. The bus would then stop and move forward in order to exit on 89th Avenue.

Evidence adduced at trial established that a bus operator cannot see directly behind the bus, as there is a "blind spot." After 6:50 A.M., "spotters," or "terminal traffic," would arrive at the 165th Street terminal to assist the buses in reversing out of the terminal. During their training, bus operators are advised that they are to ask a responsible person to guide them when they are backing up, and to avoid backing up a bus alone.

At 6:20 A.M. on June 2, 2006, Cruz-Echevarria sounded his horn and reversed slowly out of the spot with the reverse alarm automatically sounding. The bus struck the plaintiff's decedent, who was on the sidewalk, the rear wheels of the bus ran over the decedent, and the bus then moved forward and ran over the decedent a second time. Cruz-Echevarria did not realize that he had hit a pedestrian until an eyewitness alerted him. Eyewitness testimony revealed that the 79-year-old decedent saw the bus backing out and attempted to get out of its way.

The decedent was still conscious and complaining of pain when paramedics arrived on the scene and transported her to the hospital. The decedent went into cardiac arrest upon her arrival at the hospital at 6:38 A.M. She was revived and her vital signs returned; however, she subsequently went into cardiac arrest a second time, and was pronounced dead at 7:50 A.M.

Contrary to the defendants' contention, the jury verdict finding the defendants 100% at fault in the happening of the accident was not contrary to the weight of the evidence (see Vehicle and Traffic Law §§ 1211, 1151-a, 1151 [b]; 34 RCNY 4-04 [d]; 4-10 [h]; Nicastro v Park, 113 AD2d 129, 134 [1985]).

However, we agree with the defendants that the jury's award

for conscious pain and suffering deviates from what would be reasonable compensation, and is excessive to the extent indicated herein (*see* CPLR 5501 [c]; *Perez v St. Vincents Hosp. & Med. Ctr. of N.Y.*, 66 AD3d 663 [2009]; *Twersky v Busche*, 37 AD3d 704 [2007]; *Ramos v La Montana Moving & Stor.*, 247 AD2d 333, 333-334 [1998]).

The defendants' remaining contentions are without merit. Dillon, J.P., Angiolillo, Hall and Roman, JJ., concur.