# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**202**
**KA 10-01100**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                                    MEMORANDUM AND ORDER

EMMANUEL RODRIGUEZ, DEFENDANT-RESPONDENT.

---

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR APPELLANT.

KEVIN J. BAUER, ALBANY, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Erie County Court (Michael F. Pietruszka, J.), dated March 23, 2010. The order granted the suppression motion of defendant.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, that part of the motion to suppress evidence is denied, and the matter is remitted to Erie County Court for further proceedings on the indictment.

Memorandum: The People appeal from an order granting that part of defendant's omnibus motion to suppress evidence, i.e., a weapon and an oral statement made by defendant to a police officer. We reverse. The testimony at the suppression hearing established that an off-duty police officer was engaged in part-time employment, providing security at a bar in the City of Buffalo, when he was notified about a fight inside the bar. The off-duty officer brought one of the individuals involved in the fight outside and observed him walk to a vehicle. The off-duty officer heard the individual speak to another individual in Spanish about "a pistol" and "a gun." According to the testimony of the off-duty officer, upon hearing the conversation about a pistol and a gun, he used his cellular telephone to call an on-duty police officer, and he told the officer about the conversation. The officer who received the call, however, testified that the off-duty officer simply told him about a disturbance at the bar and did not mention a pistol or a gun.

When two police officers responded to the call, the off-duty officer motioned to a nearby vehicle. Two individuals were inside the vehicle, and defendant was attempting to enter the rear passenger seat. One of the officers testified that he approached defendant to "see what was going on." He asked defendant "just how's it going, you know, what are you up to, you got some ID, can I talk to you for a minute." Defendant responded by stating, "I have something in my

pocket, but it's not mine."  The officer observed what he described as an "oddly shaped" sock sticking out of defendant's right rear pocket. The officer testified that "it looked more like it might have been some type of firearm."  The officer pulled on the sock and it felt "like a handgun."

County Court concluded that the People failed to meet their burden of establishing that the officer's reason for approaching defendant extended beyond mere curiosity and noted that defendant was not engaged in any criminal activity at the time of the approach.  The court thus concluded that the officer detained defendant "without any information concerning the situation he was there to investigate" and therefore suppressed the evidence seized from defendant and a statement thereafter made by him.

The parties agree that this case involves the four-tier common-law analysis of police-civilian encounters set forth by the Court of Appeals in *People v De Bour* (40 NY2d 210).  The parties further agree that the encounter between the police and defendant here was a level one encounter, in which the police may lawfully approach an individual and inquire about basic, non-threatening matters such as name, address and destination, as long as the police have "some articulable reason" for the questioning (*id.* at 213; *see People v Hollman*, 79 NY2d 181, 185).  Indeed, such "questions need be supported only by an objective credible reason not necessarily indicative of criminality" (*Hollman*, 79 NY2d at 185).  We conclude that the People met their burden of establishing that the officer had an objective credible reason, i.e., information from an off-duty police officer concerning a disturbance, justifying the officer's request for basic non-threatening information from defendant (*see People v Reyes*, 83 NY2d 945, 946, *cert denied* 513 US 991; *People v Rush*, 31 AD3d 1115, *lv denied* 7 NY3d 870).  Thus, under the circumstances presented here, we conclude that the court erred in granting that part of defendant's omnibus motion seeking suppression.

Entered:  March 25, 2011                    Patricia L. Morgan
                                            Clerk of the Court