■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE TAYLOR, Appellant. [961 NYS2d 566]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered September 9, 2010, convicting him of criminal possession of a controlled substance in the second degree, assault in the second degree, and unsafe backing in violation of Vehicle and Traffic Law § 1211 (a), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Efman, J.), of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and physical evidence.

Ordered that the judgment is modified, on the law, by vacating the conviction of unsafe backing under count five of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The hearing court properly determined that two detectives possessed probable cause to stop the defendant's car based upon their observations of him driving without wearing a seat belt (*see People v Wright,* 98 NY2d 657, 658-659 [2002]; *People v Robinson,* 97 NY2d 341, 350 [2001]; *People v Graham,* 54 AD3d 1056 [2008]; *People v Guzman,* 153 AD2d 320 [1990]; *see also People v Pealer,* 20 NY3d 447, 458-459 [2013, Smith, J., concurring]). In addition, the court properly denied that branch of the defendant's omnibus motion which was to suppress statements he made to the detectives upon being directed to remove his hands from his pockets, because he was not thereby subject to interrogation or its functional equivalent (*see People v Samuels,* 50 NY2d 1035 [1980], *cert denied* 449 US 984 [1980]; *People v Rush,* 31 AD3d 1115 [2006]; *People v Winchester,* 14 AD3d 939 [2005]; *People v Smith,* 280 AD2d 340 [2001]; *People v Gil,* 211 AD2d 99 [1995]). The hearing court also properly denied that branch of the defendant's omnibus motion which was to suppress a sock containing cocaine and a small digital scale, because they were abandoned by the defendant. The evidence established that a struggle ensued between the detectives and the defendant when the detectives tried to arrest him. During the course of the struggle, the defendant abandoned the contraband by reaching into his pocket and throwing the sock onto a nearby lawn (*see People v Howard,* 50 NY2d 583, 592-593 [1980], *cert denied* 449 US 1023 [1980]; *People v Pittman,* 14 NY2d 885 [1964]; *People v Lopez,* 22 AD2d 813 [1964]).

The defendant's contention that his conviction of unsafe backing (Vehicle and Traffic Law § 1211 [a]) was not supported by legally sufficient evidence is preserved for appellate review (*see* CPL 470.05 [2]), and we agree that the evidence was legally insufficient to support the conviction. Vehicle and Traffic Law § 1211 (a) provides that a driver shall not back up unless he or she can do so safely and without interfering with other traffic. Here, the evidence was legally insufficient to support the unsafe backing conviction because neither of the two detectives who testified on the People's case testified that the defendant interfered with traffic in backing up (*see generally Bukharetsky v Court St. Off. Supplies, Inc.,* 82 AD3d 812 [2011]; *Dowd v New York City Tr. Auth.,* 78 AD3d 884 [2010]; *Garcia v Verizon N.Y., Inc.,* 10 AD3d 339 [2004]). One detective admitted on cross-examination that there were no cars behind the defendant's car and that the defendant's car did not disturb or come into contact with any other vehicle upon backing up. The other detective admitted on cross-examination that although the defendant backed up by moving in the wrong direction in the southbound

lane, the detectives, who were traveling in the northbound lane, did not intend or try to pass the defendant's car. Accordingly, the conviction of unsafe backing and the sentence imposed thereon must be vacated, and count five of the indictment dismissed.

The trial court properly denied the defendant's request for a jury charge on criminal possession of a controlled substance in the seventh degree, which has no weight requirement (*see* Penal Law § 220.03), as a lesser-included offense of criminal possession of a controlled substance in the second degree, which requires possession of a controlled substance with an aggregate weight of four ounces or more (*see* Penal Law § 220.18 [1]). Since the parties stipulated that the substance recovered in this case was cocaine with an aggregate weight of 4.19 ounces, no reasonable view of the evidence supported a charge of criminal possession of a controlled substance in the seventh degree (*see* CPL 300.50 [1], [2]).

The defendant's contention that the trial court failed to give a meaningful response to the jury's request to examine certain evidence is unpreserved for appellate review (*see People v Starling*, 85 NY2d 509, 516 [1995]; *People v Smikle*, 82 AD3d 1697 [2011]; *People v Peller*, 8 AD3d 1123 [2004]; *see also* CPL 310.30) and, in any event, without merit.

The trial court providently exercised its discretion in giving the jury an *Allen* charge (*see Allen v United States*, 164 US 492 [1896]; *Matter of Plummer v Rothwax*, 63 NY2d 243, 251 [1984]; *People v Wincelowicz*, 258 AD2d 602 [1999]).

The sentence imposed was not excessive (*see People v Delgado*, 80 NY2d 780 [1992]; *People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80, 85-86 [1982]).

The defendant's remaining contentions are without merit or need not be reached in light of our determination. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.