# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

938

KA 16-00161

PRESENT: WHALEN, P.J., CENTRA, CARNI, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

ANTHONY WILLIAMS, III, DEFENDANT-APPELLANT.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (HERBERT L. GREENMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered September 29, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and unlawful possession of marihuana.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed and the matter is remitted to Erie County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and unlawful possession of marihuana (§ 221.05). Defendant contends that County Court erred in refusing to suppress the physical evidence obtained from him as well as the statements he made both before and after his arrest inasmuch as the police did not have reasonable suspicion or probable cause to ask defendant a question that was intended to evoke an inculpatory response. We reject that contention.

At the suppression hearing, the arresting police officer testified that defendant was a passenger in a vehicle that had been pulled over for failing to signal before a turn. Upon approaching the vehicle, the officer asked for defendant's name and identification, and observed that defendant was patting his pocket and was shaking and visibly nervous. After the officer inquired why defendant was shaking and was so nervous, defendant replied, "I'm not going to lie. I got a little bit of weed on me." In response to the officer's further questions, defendant admitted that he possessed five bags of marihuana and, after defendant was taken out of the vehicle, the police found a small handgun and five or six bags of marihuana on defendant's person.

We conclude that, after the stop, the officer was permitted to

approach defendant as a passenger in the vehicle and ask nonincriminating questions (*see generally People v Hollman*, 79 NY2d 181, 190-191; *People v Rodriguez*, 82 AD3d 1614, 1615, *lv denied* 17 NY3d 800; *People v Faines*, 297 AD2d 590, 593, *lv denied* 99 NY2d 558). Contrary to defendant's contention, the officer's question in response to defendant's manifest nervousness did not "exceed[ ] a request for information and the question[ ] was neither invasive nor focused on possible criminality" (*Faines*, 297 AD2d at 593 [internal quotation marks omitted]; *see People v Tejada*, 270 AD2d 655, 656, *lv denied* 95 NY2d 805). Indeed, defendant's admission that he possessed marihuana in response to the officer's inquiry "went far beyond what the officer's words could reasonably expect to evoke" (*Faines*, 297 AD2d at 594).

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court