People v Herrera (2020 NY Slip Op 00300)





People v Herrera


2020 NY Slip Op 00300


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-15060
 (Ind. No. 237/17)

[*1]The People of the State of New York, respondent,
v
Richy Herrera, appellant.


Robert DiDio, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, and Katherine A. Triffon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered December 3, 2018, convicting him of criminal possession of a weapon in the second degree (two counts), false personation, and operating a motor vehicle without wearing a safety belt, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven W. Paynter, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination to deny those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials. At the suppression hearing, the arresting officer testified that on the morning of December 14, 2016, while wearing plain clothes and riding with other officers in an unmarked vehicle, he observed a sedan pass the officers' vehicle and the defendant sitting in the front passenger seat of the sedan without wearing a seat belt. The officer noted that the metal clip of the seat belt was hanging in the vicinity of the defendant's head. The officers stopped the sedan, and the arresting officer confirmed that the defendant was still not wearing a seat belt and asked him for identification. The defendant stated that he did not have any identification on his person. When the officer asked for the defendant's name and date of birth, the defendant replied with a name and date of birth that was not in the police database, despite the fact that the defendant acknowledged that he had been arrested before. The officer informed the defendant that lying about his name was a crime, but the defendant persisted in declaring a false identity. The officer instructed the defendant to exit the vehicle. Because the defendant was in close proximity, the officer frisked him for weapons and recovered a firearm from his waistband. As the defendant was placed under arrest, he told his companions in the sedan, "all right, all right, it's over. I am not going to fight. I had the grip on me. I am getting charged, not you guys."
At the conclusion of the hearing, the Supreme Court denied those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials.
The defendant does not challenge that an officer's observation that a person is not wearing a seat belt is sufficient reason to stop a vehicle (see People v Taylor, 104 AD3d 961, 962). The arresting officer's testimony that he saw the unattached clip of the seat belt from his vantage point was credible. Further, the defendant's lies about basic pedigree information, after being warned about the obligation to be forthcoming, provided probable cause for an arrest on a charge of false personation (see People v Smith, 151 AD3d 1476, 1477-1478; People v Isidro, 6 AD3d 1234, 1235).
The defendant's remaining contentions are without merit.
BALKIN, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court