People v Good (2021 NY Slip Op 06505)





People v Good


2021 NY Slip Op 06505


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, BANNISTER, AND DEJOSEPH, JJ.


903 KA 17-00511

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BOBBY GOOD, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered January 17, 2017. The judgment convicted defendant after a nonjury trial of attempted assault in the first degree (four counts), aggravated family offense, criminal contempt in the first degree, reckless endangerment in the second degree (four counts), endangering the welfare of a child (three counts) and arson in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, four counts of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]). During the trial, Supreme Court admitted in evidence certain portions of a recorded 911 call pursuant to the present sense impression exception to the hearsay rule. Defendant's contention that the court erred in admitting certain statements made during the 911 call is not preserved for our review inasmuch as defendant failed to object with sufficient specificity to the admission of those statements (see CPL 470.05 [2]; People v Rosas, 306 AD2d 91, 92 [1st Dept 2003], lv denied 100 NY2d 645 [2003]; see generally People v Vidal, 26 NY2d 249, 254 [1970]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant further contends that the evidence is legally insufficient to support his conviction of four counts of attempted assault in the first degree. We reject that contention. With respect to the three counts based on allegations that defendant committed attempted assault through the use of fire, defendant contends that the People's evidence failed to establish he intended to cause serious physical injury to the victims. Defendant's intent may be inferred from his conduct and the surrounding circumstances (see generally People v Badger, 90 AD3d 1531, 1532 [4th Dept 2011], lv denied 18 NY3d 991 [2011]). Here, defendant's intent to cause serious physical injury can be inferred from the evidence that defendant doused his intended victims in lighter fluid, told them they all were going to die and sparked a flame with a lighter (see People v Addison, 184 AD3d 1099, 1100 [4th Dept 2020], lv denied 35 NY3d 1092 [2020]). With respect to the count based on allegations that defendant committed attempted assault in the first degree with the use of a knife, the People presented evidence that defendant moved towards the victim while swinging a knife back and forth with his arms outstretched, lunged at her from a few feet away, and stated "we are all going to die." We conclude that such evidence is legally sufficient to establish defendant's use of a dangerous instrument with the intent to cause serious physical injury to another person (see Penal Law
§ 120.10 [1]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crime of attempted assault in the first degree in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict with respect to the four counts of attempted assault in the first degree is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant failed to preserve for our review his contention that, in determining the sentence to be imposed, the court penalized him for exercising his right to a trial (see People v Jackson, 162 AD3d 1567, 1567-1568 [4th Dept 2018], lv denied 32 NY3d 938 [2018]; People v Stubinger, 87 AD3d 1316, 1317 [4th Dept 2011], lv denied 18 NY3d 862 [2011]). In any event, that contention is without merit (see Jackson, 162 AD3d at 1568). Finally, defendant's sentence is not unduly harsh or severe.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court