People v McPherson (2023 NY Slip Op 00584)

People v Mcpherson

2023 NY Slip Op 00584

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

940 KA 18-00156

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
OSWALD MCPHERSON, JR., DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
OSWALD MCPHERSON, JR., DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered November 3, 2017. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree (two counts) and driving while intoxicated, a misdemeanor (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]), and two counts of driving while intoxicated (DWI) as a misdemeanor (Vehicle and Traffic Law §§ 1192 [2], [3]; 1193 [1] [b] [i]). The conviction arises out of a traffic stop of a vehicle driven by defendant. We affirm.
Defendant contends in his main brief that the traffic stop was unlawful and, therefore, Supreme Court erred in refusing to suppress evidence obtained as a result thereof. We reject that contention. The record establishes that the police officer who effectuated the traffic stop was entitled to stop defendant's vehicle after he observed defendant violate a provision of the Vehicle and Traffic Law (see People v Ricks, 145 AD3d 1610, 1610-1611 [4th Dept 2016], lv denied 29 NY3d 1000 [2017]; see also Vehicle and Traffic Law § 1229-c [3]; see generally People v Robinson, 97 NY2d 341, 349-350 [2001]; People v Addison, 199 AD3d 1321, 1321-1322 [4th Dept 2021]). Here, affording great deference to the court's resolution of credibility issues at the suppression hearing (see generally People v Prochilo, 41 NY2d 759, 761 [1977]), as we must, we conclude that the police officer's testimony at the hearing established that he had probable cause to believe that defendant violated a provision of the Vehicle and Traffic Law when, at around 3:30 a.m. on a relatively low traffic roadway, he observed that defendant, who drove past the officer at a speed of approximately 20 miles per hour, was not wearing a seatbelt while operating the motor vehicle (see People v Taylor, 57 AD3d 1504, 1504-1505 [4th Dept 2008], lv denied 12 NY3d 788 [2009]; see also People v Herrera, 179 AD3d 836, 837 [2d Dept 2020], lv denied 35 NY3d 942 [2020]).
Defendant further contends in his main and pro se supplemental briefs that the police conducted an illegal inventory search of the vehicle upon defendant's arrest, and therefore the court should have suppressed the evidence obtained as a result thereof. We reject that contention as well. "Following a lawful arrest of the driver of an automobile that must then be impounded, the police may conduct an inventory search of the vehicle" (People v Johnson, 1 NY3d 252, 255 [2003]; see People v Padilla, 21 NY3d 268, 272 [2013], cert denied 571 US 889 [2013]; People v Nichols, 175 AD3d 1117, 1119 [4th Dept 2019], lv denied 34 NY3d 1018 [2019]). "While [*2]incriminating evidence may be a consequence of an inventory search, it should not be its purpose" (Johnson, 1 NY3d at 256). Here, the suppression hearing testimony established that "the police followed the procedure set forth in the applicable order of the Rochester Police Department in conducting the inventory search" (People v Nesmith, 124 AD3d 1325, 1326 [4th Dept 2015], lv denied 26 NY3d 1042 [2015]; see People v Wilburn, 50 AD3d 1617, 1618 [4th Dept 2008], lv denied 11 NY3d 742 [2008]). Contrary to defendant's contention, the search of the vehicle did not exceed the permissible scope of an inventory search under the applicable general order. The applicable order permitted an inventory search of "[a]ny . . . area large enough to conceal any dangerous instrument or items of value" (Rochester Police Department General Order 511 § III [former (E) (1) (d)]), and the location where the police ultimately found the evidence in question—i.e., a space within the front passenger's seat located behind a loose piece of fabric—was plainly large enough to conceal a dangerous instrument.
Defendant failed to preserve for our review his contention in his main brief "concerning the court's procedure for determining his Batson objection" (People v Schumaker, 136 AD3d 1369, 1371 [4th Dept 2016], lv denied 27 NY3d 1075 [2016], reconsideration denied 28 NY3d 974 [2016]; see People v Massey, 173 AD3d 1801, 1802 [4th Dept 2019]; People v Scott, 81 AD3d 1470, 1471 [4th Dept 2011], lv denied 17 NY3d 801 [2011]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant's contention in his main brief that the evidence is legally insufficient to support the conviction is preserved only with respect to the weapon and DWI counts (see generally People v Gray, 86 NY2d 10, 19 [1995]), and we reject the contention to that extent (see generally People v Danielson, 9 NY3d 342, 349 [2007]). Further, viewing the evidence in light of the elements of the crimes as charged to the jury (see id.), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although a different verdict would not have been unreasonable, we cannot conclude that the jury "failed to give the evidence the weight it should be accorded" (id.). To the extent there is conflicting testimony, we conclude that it merely "presented an issue of credibility for the jury to resolve" (People v Boyd, 153 AD3d 1608, 1609 [4th Dept 2017], lv denied 30 NY3d 1103 [2018] [internal quotation marks omitted]; see People v Urrutia, 181 AD3d 1338, 1339 [4th Dept 2020], lv denied 36 NY3d 1054 [2021]).
Defendant further contends in his main brief that he was denied his right to a fair trial by the prosecutor's failure to disclose certain Brady material, i.e., information that one of the testifying officers had been punished for falsifying a police document and perjuring himself. Even assuming, arguendo, that a Brady violation did occur, we conclude that there was no violation of defendant's right to a fair trial because he was "given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case" (People v Cortijo, 70 NY2d 868, 870 [1987]; see People v Gazzillo, 177 AD3d 1406, 1407 [4th Dept 2019]; People v McMillian, 158 AD3d 1059, 1060 [4th Dept 2018], lv denied 31 NY3d 1119 [2018]).
Defendant failed to preserve for our review his contention in his main brief that, in determining the sentence to be imposed, the court penalized him for exercising his right to a jury trial, inasmuch as defendant did not raise that contention at sentencing (see People v Good, 199 AD3d 1461, 1463 [4th Dept 2021], lv denied 37 NY3d 1161 [2022]; People v Stubinger, 87 AD3d 1316, 1317 [4th Dept 2011], lv denied 18 NY3d 862 [2011]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). The sentence is not unduly harsh or severe.
Finally, we have considered defendant's remaining contention in his main brief and conclude that it does not warrant reversal or modification of the judgment.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court