People v Joyner-Pounds

2026 NY Slip Op 02511

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

TAHNISHA JOYNER-POUNDS, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

134 KA 23-00556

Present: Whalen, P.J., Lindley, Curran, Smith, And Delconte, JJ.

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (STEPHANIE M. STARE OF COUNSEL), FOR DEFENDANT-APPELLANT.

BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (GRAZINA HARPER OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered February 15, 2023. The judgment convicted defendant upon a jury verdict of aggravated driving while intoxicated (three counts) and driving while intoxicated.

[*1]

It is hereby ORDERED that the case is held, decision is reserved, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of three counts of aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [b]) and one count of driving while intoxicated (§ 1192 [3]), arising from an incident that took place while she was driving with three children present in the vehicle.

Defendant failed to preserve for our review her contention that the indictment was facially duplicitous (see People v Becoats, 17 NY3d 643, 650 [2011], cert denied 566 US 964 [2012]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

Defendant further contends that the evidence is legally insufficient to establish that the children in her vehicle were 15 years of age or less, as required for the charges of aggravated driving while intoxicated (see Vehicle and Traffic Law § 1192 [2-a] [b]). Following the close of the People's proof, defendant did not challenge the sufficiency of the evidence as it related to the ages of the two eldest children, whose birth certificates were admitted in evidence. As a result, defendant's contention is preserved for our review only with respect to the age of the youngest child, who was an infant (see People v Tomion, 174 AD3d 1495, 1496 [4th Dept 2019], lv denied 34 NY3d 1019 [2019]; see generally People v Gray, 86 NY2d 10, 19 [1995]). In any event, "[v]iewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference" (People v Bay, 67 NY2d 787, 788 [1986]), we conclude that there is a valid line of reasoning and permissible inferences that could lead rational persons to conclude that all three children in defendant's vehicle were 15 years of age or younger (see People v Bleakley, 69 NY2d 490, 495 [1987]).

Defendant next contends that the verdict is against the weight of the evidence because the People failed to prove beyond a reasonable doubt that she operated her vehicle in an intoxicated condition. The evidence at trial established that a police officer stopped defendant's vehicle after determining that it matched the description of a vehicle that had been reported for reckless driving. Upon observing defendant's vehicle, the officer noticed that, consistent with the vehicle in the reckless driving report, the vehicle's front bumper was partially detached and was scraping the road. After stopping the vehicle, the officer observed that defendant, its driver, had slurred speech and bloodshot eyes. The officer also noticed a strong odor of alcohol emanating from the vehicle. When a second responding officer asked defendant if she had had anything to drink, [*2]defendant answered, "Not enough."

Defendant refused the officers' requests to exit the vehicle and also refused to perform any field sobriety tests. According to the officers, defendant could barely stand and had to be supported while she walked to the police car. While detained in the back of the police car, defendant alternated between crying and yelling hysterically. Due to the level of her perceived intoxication, defendant was taken to the hospital, and she later refused to submit to a chemical test. Defendant did not testify at trial and offered no evidence.

Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence with respect to the issue of intoxication (see generally Bleakley, 69 NY2d at 495). Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot conclude that the jury "failed to give the evidence the weight it should be accorded" (id.; see People v McPherson, 213 AD3d 1261, 1263 [4th Dept 2023], lv denied 39 NY3d 1112 [2023]).

Finally, defendant contends that Supreme Court erred in denying her motion seeking to dismiss the indictment pursuant to CPL 30.30 on the ground that the People failed to comply with their discovery obligations under CPL 245.20, thereby rendering any certificate of compliance invalid and any statement of readiness illusory. The court improperly denied the speedy trial motion on the ground that defendant would not be prejudiced by the belated discovery of the evidence in question (see People v Bay, 41 NY3d 200, 213 [2023]; People v Young, 243 AD3d 1303, 1307 [4th Dept 2025]). Moreover, the court rendered its decision before the People had an opportunity to respond to the motion, which was filed on the eve of trial, telling the prosecutor that it did not want to hear from him in opposition to the motion.

We therefore hold the case, reserve decision, and remit the matter to Supreme Court to afford the People an opportunity to file a response to the motion and then to determine the motion (see People v Rojas-Aponte, 224 AD3d 1264, 1266 [4th Dept 2024]; see generally People v Brinson, 246 AD3d 1435, 1436-1437 [4th Dept 2026]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court